REQUESTED BY: Michael L. Offner Webster County Attorney P. O. Box 467 Red Cloud, Nebraska 68970-0467
1. Does the board of trustees of a county hospital established under section 23-343 have authority to expend hospital funds for physician recruitment, including funds to be used to guarantee a physician a minimum net income in a service agreement between the hospital and the physician?
2. Does the board of trustees of a county hospital established under section 24-343 (Supp. 1982) have the authority to purchase an existing medical clinic located across town from and not a part of the existing hospital facility?
1. Yes, if properly done.
2. No.
1. Since Attorney General's Opinion No. 310, 1980, which concluded that a county hospital could not spend money for physician recruitment, the statutes relating to county hospitals have been amended.
Neb.Rev.Stat. § 23-343.03 (Supp. 1982) now provides in part:
 The board of trustees shall also have the following powers: (1) To expend hospital operating funds for the reimbursement of the reasonable expenses of persons interviewed or retained for employment or medical staff appointment; and (2) all powers and authority granted to the boards of nonprofit corporations under Chapter 21, article 19, except to the extent that those powers are inconsistent with Chapter 23, article 3, or are specifically prohibited by law.
Said section also grants the board the power `to pay all current bills, claims, and salaries of all employees' of such facility or facilities provided by Neb.Rev.Stat. 23-343
(hospital, mental health clinic, mental retardation clinic, public health center, medical complex, or similar facilities).
Chapter 21, article 19, of the Nebraska statutes relating to nonprofit corporations, referred to above, authorizes such corporations `to make contracts and incur liabilities.' (21-1904(8).)
A contract could be drafted in such a way as to constitute a physician an employee or medical staff member of the hospital, who would receive a guaranteed salary and the hospital recoup by charging a fee, in addition to the other hospital fees, for services rendered by the physician at the hospital. As he would be a member of the medical staff, the salary and recruitment expenses would be authorized under 23-343.03, discussed above.
While the nonprofit corporations law may authorize a hospital to contract with a physician who would not become an employee or staff member of the hospital on the theory of an indirect benefit to the corporation, we believe such an arrangement would be inconsistent with the provisions of 23-343.03, discussed above, which authorizes the use of hospital funds for payment of salaries of all employees, but remains silent as to contracting for outside medical services; also, the amendment authorizing payment of recruiting expenses is limited to employees and staff. The only other authority to contract under said section is for improvements or additions to said facilities and for leasing the facilities, all subject to ratification by the county board or a vote of the people; as mentioned above, the nonprofit corporation law does not apply when inconsistent with article 3, Chapter 23.
A county hospital, like a county, is a creature of the Legislature and possesses only such powers as are expressly granted and such implied powers as are necessary to carry out the express powers. See, Speer v. Kratzenstein,143 Neb. 300, 310. From what you have stated, we cannot find any necessity to set up a physician in private practice with a guaranteed income and expenses in order to carry out the express powers of a county hospital; perhaps such a factual case could be presented, but the evidence would have to be very convincing.
2. Your next question concerns the acquisition of a facility for a medical clinic not physically connected with the present hospital.
The term `addition' is almost uniformly, in the cases discussing it, referred to as additions physically connected with a particular building or in close proximity thereto.
One case held that a building situated three miles from a parent building group could not be considered an `addition,' `extension' or `attachment' thereto, or to be adjoining or communicating, within the terms of a fire insurance policy, merely because it was a part of the same business enterprise and connected with the parent group by telephone and electric power lines. See generally, Words and Phrases,Addition, pp. 397, et seq. Therefore, in our opinion, the authority to contract for an `addition' in § 23-343.03,et seq. (Supp. 1982) would not apply to a facility across town from the original facility authorized under § 23-343.
If the clinic in question could not be considered an addition within the authorized power of the board of trustees under § 23-343.03, the county board could possibly acquire the clinic under the provisions of § 23-343 which authorizes the acquisition of a public health center, a medical complex, or similar facilities but this would require submission to the voters before bonds could be issued.
Respectfully submitted, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General